**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, | ) ) ) ) ) |
| Plaintiffs, | ) No. 1:26-cv-1451 |
| | ) |
| v. | ) ) ) |
| | ) |
| CENTRAL ILLINOIS CONCRETE, a Illinois foreign corporation, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT**

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, LLP, complain against Defendant, CENTRAL ILLINOIS CONCRETE, as follows:

**JURISDICTION AND VENUE**

1.    (a)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

(b)    Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered and 29 U.S.C. Section 185(c).

**PARTIES**

2.    (a)    The Plaintiffs in this count are MATT RHOADES, TRUSTEE AND INDIANA STATE COUNCIL OF PLASTERERS AND CEMENT MASONS HEALTH AND WELFARE AND PENSION FUNDS, ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Cement Masons Union Local 692 and certain

employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

3.    CENTRAL ILLINOIS CONCRETE, INC. (hereafter "CENTRAL) is an Illinois foreign corporation.

4.    Since May 1, 2021, CENTRAL has entered into a collective bargaining agreements with Cement Masons Local 143 pursuant to which it is required to pay specified wages and to make periodic contributions to the Fund on behalf of certain of its employees. (Exhibit A).

5.    (a)    CENTRAL employs employees and is bound to make contributions to Plaintiffs for hours worked by all bargaining unit employees and upon subcontractors who perform work which would otherwise be performed by employees.

(b)    CENTRAL has its principal place of business in Petersburg, Illinois.

(c)    CENTRAL is an employer engaged in an industry affecting commerce.

7.    By virtue of certain provisions contained in the collective bargaining agreements, CENTRAL is bound by the Trust Agreement establishing the Funds.

8.    Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, CENTRAL is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

2

9.      Plaintiffs are advised and believe that from June 1, 2021 through present, CENTRAL has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      CENTRAL be ordered to submit to an audit for June 1, 2021 through present.

B.      Judgment be entered on any amounts found to be due on the audit.

C.      Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.      CENTRAL be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.      This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
MATT RHOADES, et at.

By:    /s/ Donald D. Schwartz
       One of their Attorneys

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415
dds@aandklaw.com